BOYD, Judge.
This cause is before us on appeal from the final judgment of the Circuit Court of the Second Judicial Circuit, validating certain proposed State of Florida, Escam-bia County, bridge bonds, dated November 1, 1970, in the aggregate principal amount of $4,900,000.00 to be issued by the Division of Bond Finance of the Department of General Services of the State of Florida. The project to be financed by these bonds is the construction of a new four-lane toll bridge and causeway across Santa Rosa Sound to replace the existing two-lane Pensacola Beach Bridge and Causeway. The nature of the project is not at issue in this appeal.
The proposed plan of financing calls for the bonds to be secured by and payable from (1) net tolls collected on the project, (2) eighty per cent (80%) gasoline tax funds accruing to the Department of Transportation and allocated to Escambia County,[1] and (3) the full faith and credit *103 of the State of Florida; all allegedly pursuant to the provisions of Article XII, Section 9(c), of the revised Florida Constitution and other applicable provisions of law.
The question before us is whether the proceedings taken by the Division of Bond Finance and the other State agencies in connection with the proposed financing program, purporting to pledge the full faith and credit of the State of Florida, comply with the requirements of the Florida Constitution as contained in Article XII, Section 9(c), and in Article VII, Section 11 for the issuance of bonds to be secured by such a pledge.
This is the first case dealing with such subject matter to be brought before the courts, since the revision of the Florida Constitution permitting the State’s credit to be pledged for highway bond issues under the conditions specified therein.
The learned trial judge held:
“The Bonds shall be ‘State Bonds’ within the meaning of said Section 9(c), Article XII, of the Constitution of the State of Florida and will be secured by a valid pledge of the full faith and credit of the State of Florida in the manner provided by such Resolution and Lease-Purchase Agreement.
“The issuance of the Bonds is not required, by any of the provisions of the Constitution or laws of the State of Florida, to be approved by the qualified electors who are freeholders, or by the qualified electors, residing in the State of Florida, Escambia County, or any other political subdivision of the State of Florida, and the Bonds are not subject to the limitations and conditions provided by Subsections (a) and (c) of Section 11 of Article VII of the Florida Constitution.”
We agree with the court below that in adopting Article XII, Section 9(c), the people intended to provide an alternative method of financing state bonds without a referendum in certain particular instances. Article XII, Section 9(c), provides in part as follows:
“When authorized by law, state bonds pledging the full faith and credit of the state may be issued without any election: (i) to refund obligations secured by any portion of the ‘second gas tax’ allocated to a county under Article IX, Section 16, of the Constitution of 1885, as amended; (ii) to finance the acquisition and construction of roads in a county when approved by the governing body of the county and the state agency supervising the state road system; and (iii) to refund obligations secured by any portion of the ‘second gas tax’ allocated under paragraph 9(c) (4).”
The issuance of bonds pledging the full faith and credit of the State has been “authorized by law”, as required by the above-quoted provision of the Constitution, by Florida Statutes § 215.60, F.S.A., which provides, in part, as follows:
“The issuance of state bonds to finance the acquisition and construction of roads, primarily payable from the revenues provided for by Art. XII, Section 9(c), of the state constitution and pledging the full faith and credit of the State, is hereby authorized, pursuant to the provisions of said section of the Constitution and this Act.”
The bond issue before us has met the requirements of the 1968 Constitution and the Statutes of Florida and, although it pledges the full faith and credit of the State without a referendum, the issue is for a specifically exempted purpose and is valid.
Accordingly, the judgment below is affirmed.
It is so ordered.
ERVIN, ADKINS, McCAIN and DEKLE, JJ., concur.
*104 ROBERTS, C. J., dissents with opinion.

. This bond issue does not pledge the entire amount of gas tax funds, but only the portion thereof not “used * * * for the payment of obligations pledging *103 revenues allocated pursuant to Article IX, Section 16, of the Constitution of 1885, as amended.” Article XII, Section 9(e) (5), Florida Constitution, F.S.A.